**URICK FOUNDRY COMPANY,**
Petitioner,

v.

**Raymond J. DONOVAN, Secretary of Labor; John H. Stranahan, District Supervisor, United States Department of Labor, Respondent.**

Civ. A. No. 82–138 ERIE.

United States District Court,
W. D. Pennsylvania.

July 7, 1982.

Matthew Rieder, Regional Counsel, Dept. of Labor, Philadelphia, Pa., for respondent.

Edward W. Goebel, Jr., Erie, Pa., for petitioner.

OPINION AND ORDER

WEBER, Chief Judge.

This case is now before the court on a motion by the plaintiff Urick Foundry Company to quash an administrative search warrant issued by the United States Magistrate to John Stranahan, District Supervisor of the Occupational Safety and Health Administration (OSHA). This warrant, issued June 11, 1982, authorizes a wall-to-wall inspection of the plaintiff's plant in Erie, Pennsylvania. The warrant and accompanying application state that this inspection is being conducted pursuant to a neutral administrative plan, referred to in OSHA instruction CPL 2.25B "Scheduling Systems for Programmed Inspections." [Reference File 21.9186] 1981 (CCH) OSHD ¶ 12637 (hereinafter CPL 2.25B).

The parties have fully briefed the issues raised by the plaintiff's motion and, oral argument having been held, this matter is now ripe for our disposition.

The plaintiff in its motion raises a multitude of objections to the inspection warrant issued in this case. Only three of these objections, however, have been pressed before the court in briefs or in oral argument. Therefore, we will consider only these three objections at this time.

■ The plaintiff's first argument is that the warrant application submitted by OSHA in this case does not satisfy the requirements of administrative probable cause. We feel that this issue merits little discussion. We have previously had occasion to consider the question of whether a warrant issued pursuant to the CPL 2.25B plan of inspection satisfies administrative probable cause requirements. *Erie Bottling Co. v. Donovan*, 539 F.Supp. 600, 10 BNA OSHA 1632 (W.D. of Pa.1982). In *Erie*

*Bottling* we concluded that the CPL 2.25B plan of inspection, as described in OSHA's warrant application met all constitutional and statutory requirements for an administrative search. Other courts which have had occasion to consider this precise question have arrived at the same conclusion. *See, Ingersoll-Rand Co. v. Donovan,* 540 F.Supp. 222 (M.D.Pa.1982). The warrant and application presented to the magistrate in this case are virtually identical to those submitted in *Erie Bottling.* We find nothing in the arguments of counsel which persuades us that the conclusions we arrived at in *Erie Bottling* should not be equally applicable here. Accordingly we reject the plaintiff's first argument in support of its motion to quash this inspection warrant.

The plaintiff also challenges the validity of this warrant in two particulars. First the plaintiff alleges that the warrant allows OSHA unreasonable latitude in conducting private work site interviews with employees. Allowing OSHA unfettered discretion in conducting these interviews plaintiff contends may create an unnecessary risk of injury to the employees; unreasonably disrupt plant production; and improperly deny the employer his statutory right to be present during plant inspections.

We have had occasion previously to discuss this question. In *Erie Bottling Corp. v. Donovan,* we recognized that a tension may exist between OSHA's right to conduct private interviews and the employer's right to be present during plant inspections. We also conceded that OSHA's right to conduct private employee interviews was limited by the statutory proscription that such interviews be conducted "within reasonable limits and in a reasonable manner...". 29 U.S.C. § 657(a)(2). In *Erie Bottling* we reconciled these interests by prohibiting OSHA inspectors from conducting private interviews with employees while those employees were at work on the production line.

 We intended this limitation to be very narrow in scope. All that we sought to prohibit was the potentially dangerous and disruptive practice of interviewing employees while they were actively engaged in work. We did not, however, intend to preclude the agency from conducting any private interviews at the work site. Clearly, OSHA inspectors should be free to conduct such interviews with employees during work breaks or at lunch time. Nor did we intend to completely bar the agency from conducting private employee interviews during what is ostensibly production time. We recognize that, in many instances, employees are not actively engaged in labor during their entire work day. Interviews conducted during production time which do not disturb an employee who is actually at work would not create a risk of injury or unduly disrupt production. Therefore, such interviews would not constitute an unreasonable investigative technique and should be allowed pursuant to this warrant. *See, Southern Indiana Gas & Electric Co. v. Director, National Institute for Occupational Safety & Health, United States Dept. of Health & Human Services,* 522 F.Supp. 850 (S.D.Ind.1981), (permitting private interviews and physical examination of employees during production time).

Finally the plaintiff argues that OSHA should not have access to any employee's medical records pursuant to this inspection warrant. According to the plaintiff OSHA's exclusive channel for obtaining these records is the administrative subpoena process. We need not ultimately reach this issue however. At the argument held before this court the Department of Labor limited its request for documents to the OSHA No. 200 Log & Summary of Occupational Injuries and Illnesses, along with the corresponding Pennsylvania Workers' Compensation forms relating to employee injuries. The plaintiff indicated that it would be willing to voluntarily grant OSHA inspectors access to these documents. Because the parties have by private agreement resolved the issue of agency access to medical records we will reserve any ruling on this question.

An appropriate order will issue.